
FILED
IN OPEN COURT

JAN 31 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

---

DAVID PAYNE, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

SMITHFIELD FOODS, INC., SUN MERGER SUB, INC., JOSEPH W. LUTER, III, C. LARRY POPE, HON. CAROL T. CRAWFORD, RICHARD T. CROWDER, MARGARET G. LEWIS, WENDELL H. MURPHY, DAVID C. NELSON, FRANK S. ROYAL, M.D., JOHN T. SCHWIETERS and HON. PAUL S. TRIBLE, JR.,

    Defendants.

1:13 CV 00761 (LMB/IDD)

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") pursuant to the Court's Scheduling and Preliminary Approval Order, upon the parties' Stipulation and Agreement of Compromise, Settlement, and Release, (the "Stipulation"), in the class action captioned *David Payne v. Smithfield Foods, Inc. et al.,* Civ. No. 1:13 CV 00761 (LMB/IDD) (the "Action"), which was consented to by all the parties to the Action, which Scheduling and Preliminary Approval Order and Stipulation are incorporated herein by reference; it appearing that due notice of said hearing was given in accordance with the Scheduling and Preliminary Approval Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action; and an opportunity to be heard having been given to all other

persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** as follows:

Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

1. The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear concerning the Action (the "Notice") has been given to the Class (as defined herein) pursuant to and in the manner directed by the Scheduling and Preliminary Approval Order; proof of the mailing of the Notice was filed with the Court; and full opportunity to be heard has been offered to all parties, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2. Based on the record in the Action, each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Class Plaintiff (as defined herein) as representative plaintiff are typical of the claims of the Class; and (d) the Class Plaintiff and his counsel have fairly and adequately protected and represented the interests of the Class.

3. The Action is hereby finally certified as a non opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class consisting of all record holders and beneficial owners of Smithfield common stock at any time during the period beginning on and including May 28, 2013 through and including the date of the closing of the Proposed Transaction, and excluding the Defendants in the Action, members of the immediate family of any individual Defendant, any entity in which a defendant has or had a controlling interest, officers of the Defendants, and the legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person (the "Class"). Further, the plaintiff David Payne (the "Class Plaintiff" or the "Lead Plaintiff") is finally certified as Class representative. The law firm Brodsky & Smith, LLC is finally certified as lead counsel to the Class Plaintiff in the Action ("Lead Counsel" or "Class Counsel").

4. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

5. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Final Judgment and over all parties to the Action.

6. The Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all Defendants in the Action and against all members of the Class on the merits and, except as provided in the Stipulation, without fees or costs (except as provided below in paragraph 11).

7. Any and all claims, demands, rights, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any land or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in this Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state statutory or common law relating to alleged fraud, breach of care, breach of duty of loyalty, misrepresentation or omission, negligence or gross negligence, "quasi-appraisal," breach of contract, breach of trust, corporate waste, ultra vires acts, unjust enrichment, improper personal benefit, aiding and abetting, violations of federal or state securities laws, or otherwise) by or on behalf of any member of the Class (whether individual, class, derivative, representative, legal, equitable or any other type or capacity, and whether relating to the purchase, sale, or other acquisition, disposition or holding of Smithfield common stock), against any Defendants and/or each of their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, shareholders, agents, representatives, employees, attorneys, financial or investment advisors, other advisors, consultants, accountants, auditors, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers and reinsurers, heirs, executors' trustees, general or limited partners or partnerships, limited liability companies, members, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons"), whether or not any such Released Persons were named, served with process or appeared in the Action, which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations,

misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to: (i) the sale or acquisition of Smithfield ("Transaction"); (ii) the adequacy of the consideration to be paid to Smithfield shareholders in connection with the Transaction; (iii) the fiduciary obligations of any of the defendants or Released Persons in connection with the Transaction; (iv) the negotiations in connection with the Transaction including any alleged deal protection devices; (v) the disclosures or disclosure obligations of any of the defendants or Released Persons in connection with the Transaction; (vi) the alleged aiding and abetting of any breach of fiduciary duty; and (vii) any alleged improper personal benefit, conflict of interest, improper payments of any remuneration or employment benefits to any individual made in connection with the Transaction (collectively, the "Released Claims") shall be individually and collectively, completely, fully, finally, and forever released, relinquished, and discharged; provided, however, that the Released Claims shall not be construed to limit the right of the Defendants, Plaintiff, or any member of the Class to enforce the terms of the Stipulation.

8. The releases extend to claims that the parties granting the release (the "Releasing Persons") do not know or suspect to exist at the time of the releases, which, if known, might have affected the Releasing Persons' decision to enter into the releases or whether or how to object to the Court's approval of the Settlement. The Releasing Persons shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which may have the effect of limiting the releases set forth above. In particular, the Releasing Persons shall be deemed to have relinquished to the fullest extent permitted by law the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Persons shall be deemed to relinquish, to the extent they are applicable, and to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or elsewhere which is similar, comparable, or equivalent to California Civil Code section 1542. The Releasing Persons are deemed to have settled and released fully, finally, and forever any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The parties to the Stipulation acknowledged that the foregoing waiver was separately bargained for and is a material term of the Settlement.

9. Neither the Stipulation, the Settlement, this Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of the Stipulation. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral

estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

10. Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $390,000, which sum the Court finds to be fair and reasonable, and which shall be paid to Class Counsel in accordance with the terms of the Stipulation.

11. The effectiveness of the Order and Final Judgment and the obligations of Class Plaintiff, Class Counsel, the Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of attorneys' fees and expenses.

12. Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over (a) implementation, performance, and enforcement of the terms of the Stipulation; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

13. All other relief not expressly granted by this order is hereby denied. This Order and Final Judgment finally disposes of all parties and all claims and is appealable.

DATED: January 31, 2014

/s/ 
Leonie M. Brinkema
United States District Judge